UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALLEN ARCHITECTURAL METALS, INC.,           :
                                                                                    :   Index No.
                                                  Plaintiff,        :
                                                                                    :
           - against -                                                 :   **COMPLAINT**
                                                                                    :
PARAGON RESTORATION CORP. and                   :
U.S. SPECIALTY INSURANCE COMPANY          :
                                                                                    :
                                                  Defendants.  :
------------------------------------------------------------------------x

        Plaintiff, ALLEN ARCHITECTURAL METALS, INC., by its attorney, Law Office of Robert J. Miletsky, as and for its Complaint against the Defendants states:

### NATURE OF THIS ACTION

        1.     This is an action to foreclosure upon two Mechanics Liens filed by Plaintiff Allen Architectural Metals, Inc., for amounts due and owing for work performed and materials supplied to Defendant Paragon Restoration Corp. on two separate construction projects in lower Manhattan. The Mechanics Liens were bonded, and therefore removed for the real property, by separate Lien Discharge Bonds issued by Defendant U.S. Specialty Insurance Company. Plaintiff Allen Architectural Metals also states Causes of Action for breach of Contract, unjust enrichment, account stated and violation of the New York Prompt Payment Act.

### JURISDICTION AND VENUE

        2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

        3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. At all times hereinafter mentioned, Plaintiff ALLEN ARCHITECTURAL METALS, INC., ("Allen Architectural Metals") was and is a corporation, organized and existing under and pursuant to the laws of the State of Alabama (authorized to do business in the State of New York) with its principal office located at 100 Homer Drive Talladega, Alabama, and was and is a citizen of the State of Alabama.

5. Upon information and belief, at all times hereinafter mentioned, Defendant PARAGON RESTORATION CORP., ("Paragon") was and is a corporation organized and existing under the laws of the State of New Jersey with its principal office located at 292 Monroe Avenue, Kenilworth, New Jersey, and was and is a citizen of the State of New Jersey.

6. At all times hereinafter mentioned, Defendant U.S. SPECIALTY INSURANCE COMPANY was and is a corporation organized and existing under the laws of the State of Texas (authorized to do business, including insurance business, in New York) with its principal office at 13403 Northwest Freeway Houston, Texas and was and is a citizen of the State of Texas.

**AS AND FOR A FIRST
CAUSE OF ACTION
[Foreclosure of Mechanics Lien]
66 Allen Street**

7. On or about October 25, 2017, Plaintiff Allen Architectural Metals and Defendant Paragon entered into an agreement ("66 Allen Contract") pursuant to which Allen Architectural Metals agreed to fabricate, sell and deliver to Paragon certain cast iron, including Column Capitals, Cornices, Arch Springs, Sills, Pilaster Bases, Frieze Panel and Rossette in connection with the Project known as 66 Allen Street in Manhattan and for the improvement of the said property located at 66 Allen Street ("66 Allen Project") at the agreed price and reasonable value of $129,565.00 ("66 Allen Contract Amount.")

2

8. The 66 Allen Contract Amount was thereafter revised and increased at the request of, and with the consent and agreement of, Defendant Paragon and for the improvement of the 66 Allen Street property, resulting in the overall cumulative agreed price and reasonable value (and adjusted Contract Amount) of $163,495.00.

9. Plaintiff performed all of its obligations under the 66 Allen Contract, including additional work as directed, except as it may have been prevented from doing so by said Defendant Paragon.

10. The first item of work was performed and/or the first item of material was furnished on or about January 8, 2018, and the last item of work was performed and/or the last item of material was furnished on or about September 5, 2018.

11. The work, labor and services so performed by Plaintiff and materials supplied by Plaintiff were performed and furnished for the improvement of the 66 Allen Street property hereinbefore described and were performed and furnished at the request of, and with the knowledge and consent of Defendant Paragon and applicable entities.

12. At the time of the filing of the lien hereinafter set forth, there was and still is justly due, owing and unpaid by said Defendant to Allen Architectural Metals, the sum of $52,742.40 for work performed and materials supplied.

13. On the 19th day of September 2018, and within the statutory time after the final performance of the work, Plaintiff filed in the Office of the Clerk of the County of New York, that being the County where the 66 Allen Street property hereinbefore described is located, a notice of lien in writing, which notice did state and set forth the information required pursuant to the Lien Law.

14. The said Mechanics Lien properly identified the Owner of the real property which had been improved as non-party Grand Associates, LLC.

15. The said notice of lien ("66 Allen Street Mechanics Lien") was duly docketed in the Clerk's office in the Lien Docket kept for such purpose. The 66 Allen Street Mechanics Lien was duly served and an Affidavit of Service was duly prepared and timely filed in the office of the Clerk of the County of New York, all in accordance with the requirements of the Lien Law.

16. On the 13th day of September, 2019, and within one year of the original filing of the 66 Allen Street Mechanics Lien, the said Mechanics Lien was continued for a period of one year, by the filing, in the office of the Clerk of the County of New York, of a Notice of Extension of such Mechanics Lien.

17. The said Mechanics Lien has not been paid, waived or canceled and no other action or proceeding at law or in equity, upon information and belief, has been brought to recover the claims of Plaintiff.

18. Upon information and belief, on or about November 20, 2018, Paragon filed, with the Clerk of the County of New York, a lien discharge bond (No. 100411918) in the penal sum of $58,016.64 issued by Defendant U.S. Specialty Insurance Company (the 66 Allen Street "Bond") and allegedly discharging the said Mechanics Lien and removing it from the real property, though the Mechanics Lien remains in full force and effect.

19. The 66 Allen Street Bond states, in relevant part, that it is conditioned for the payment of any and all judgments that may be rendered against the 66 Allen Street property, in favor of Plaintiff Allen Architectural Metals in any action or proceeding to enforce the said Lien.

**AS AND FOR A SECOND
CAUSE OF ACTION
[Breach of Contract]**

20. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 19 hereof as if the same were more fully set forth herein.

21. Defendant Paragon breached the 66 Allen Street Contract with Allen

Architectural Metals by, among other things: failing to pay the amounts due thereunder (despite due demand therefor;) wrongfully terminating the Contract; wrongfully rejecting or failing to accept the goods upon tender by Allen Architectural Metals and failing to pay the sales price for the goods.

22. As a result, Allen Architectural Metals has been damaged in the amount of $120,641.66, for work performed and materials supplied and for the wrongful termination and other noted breaches by Defendant Paragon, no part of which has been paid though duly demanded, and arising from said Defendant's breach of contract; and, Defendant Paragon is liable to Plaintiff Allen Architectural Metals as a result, in the amount of $120,641.66,.

**AS AND FOR A THIRD
CAUSE OF ACTION
IMPLIED CONTRACT/ QUASI CONTRACT
[Unjust enrichment/ quantum meruit]**

23. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 22 hereof as if the same were more fully set forth herein.

24. Allen Architectural Metals performed certain work for, and supplied certain materials to, Defendant Paragon, at the request of, and with the knowledge and consent of, Defendant Paragon, for the improvement of the 66 Allen Street property.

25. The said Defendant has failed and refused to pay for the reasonable value thereof in the amount of $59,242.40, despite due demand therefor.

26. As a result, Defendant Paragon has been unjustly enriched in an amount of $59,242.40 and is liable to Plaintiff therefor.

**AS AND FOR A FOURTH
CAUSE OF ACTION
[Account Stated]**

27. Plaintiff Allen Architectural Metals repeats and realleges the allegations

contained in Paragraphs 1 through 26 as if the same were more fully set forth herein.

28. During the time work was performed for Defendant Paragon and from time to time thereafter, Plaintiff sent to Defendant Paragon invoices and statements, which invoices and statements were received by Defendant Paragon and never rejected or disputed.

29. Accordingly, an account or accounts stated were created between Plaintiff and Defendant Paragon in the total amount of $52,742.40 and Defendant Paragon is liable therefor.

**AS AND FOR A FIFTH
CAUSE OF ACTION
[Violation of Prompt Payment Act]**

30. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 29 as if the same were more fully set forth herein.

31. Defendant Paragon failed to make payments to Plaintiff Allen Architectural Metals as required by the New York State Prompt Payment Act.

32. As a result, Defendant Paragon is liable to Plaintiff in the total amount of $52,742.40.

**AS AND FOR A SIXTH
CAUSE OF ACTION
[Foreclosure of Mechanics Lien]
10 Greene Street**

33. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 32 as if the same were more fully set forth herein.

34. On or about October 12, 2017, Plaintiff Allen Architectural Metals and Defendant Paragon entered into an agreement ("10 Greene Contract") pursuant to which Allen Architectural Metals agreed to fabricate, sell and deliver to Paragon certain cast iron, including Sill Units, Cornice, Cornice Caps, Column Capitals, Stair and Column components in connection with the Project known as 10 Greene Street in Manhattan and for the improvement of the said property

located at 10 Greene Street ("10 Greene Project") at the agreed price and reasonable value of $95,915.00.

35. Plaintiff performed all of its obligations under the 10 Greene Contract, except as it may have been prevented from doing so by said Defendant Paragon.

36. The first item of work was performed and/or the first item of material was furnished on or about January 8, 2018, and the last item of work was performed and/or the last item of material was furnished on or about September 5, 2018.

37. The work, labor and services so performed by Plaintiff and materials supplied by Plaintiff were performed and furnished for the improvement of the 10 Greene Street property hereinbefore described and were performed and furnished at the request of, and with the knowledge and consent of Defendant Paragon and other applicable entities.

38. At the time of the filing of the lien hereinafter set forth, there was and still is justly due, owing and unpaid by Defendant to Allen Architectural Metals, the sum of $56,198.84 for work performed and materials supplied and for material actually manufactured for, but not delivered to, the real property.

39. On the 19th day of September 2018, and within the statutory time after the final performance of the work, Plaintiff filed in the Office of the Clerk of the County of New York, that being the County where the Property hereinbefore described is located, a notice of lien in writing, which notice did state and set forth the information required pursuant to the Lien Law.

40. The said Mechanics Lien properly identified the Owner of the real property which had been improved as non-party 10 Greene Owner LLC.

41. The said notice of lien ("10 Greene Street Mechanics Lien") was duly docketed in the Clerk's office in the Lien Docket kept for such purpose. The 10 Greene Street Mechanics Lien was duly served and an Affidavit of Service was duly prepared and timely filed in the office

of the Clerk of the County of New York, all in accordance with the requirements of the Lien Law.

42. On the 13th day of September, 2019, and within one year of the original filing of the 10 Greene Street Mechanics Lien, the said Mechanics Lien was continued for a period of one year, by the filing, in the office of the Clerk of the County of New York, of a Notice of Extension of such Mechanics Lien.

43. The said Mechanics Lien has not been paid, waived or canceled and no other action or proceeding at law or in equity, upon information and belief, has been brought to recover the claims of Plaintiff.

44. Upon information and belief, on or about November 20, 2018, Paragon filed, with the Clerk of the County of New York, a lien discharge bond (No. 100410827) in the penal sum of $61,818.72 issued by Defendant U.S. Specialty Insurance Company (the 10 Greene Street "Bond") and allegedly discharging the said Mechanics Lien and removing it from the real property, though the Mechanics Lien remains in full force and effect.

45. The 10 Greene Street Bond states, in relevant part, that it is conditioned for the payment of any and all judgments that may be rendered against the 10 Greene Street property, in favor of Plaintiff Allen Architectural Metals in any action or proceeding to enforce the said Lien.

**AS AND FOR A SEVENTH
CAUSE OF ACTION
[Breach of Contract]**

46. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 45 hereof as if the same were more fully set forth herein.

47. Defendant Paragon breached the 10 Greene Street Contract with Allen Architectural Metals by, among other things: failing to pay the amounts due thereunder (despite due demand therefor;) wrongfully terminating the Contract; wrongfully rejecting or failing to

accept the goods upon tender by Allen Architectural Metals and failing to pay the sales price for the goods.

48. As a result, Allen Architectural Metals has been damaged in the amount of $66,245.00, for work performed and materials supplied, including the value of material actually manufactured for, but not delivered to, the real property, the wrongful termination and other noted breaches by Defendant Paragon, no part of which has been paid though duly demanded, and arising from said Defendant's breach of contract; and, Defendant Paragon is liable to Plaintiff Allen Architectural Metals as a result, in the amount of $66,245.00.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### IMPLIED CONTRACT QUASI CONTRACT
### [Unjust Enrichment / quantum meruit]

49. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 48 hereof as if the same were more fully set forth herein.

50. Allen Architectural Metals performed certain work for, and supplied certain materials to, Defendant Paragon, at the request of, and with the knowledge and consent of, Defendant Paragon, for the improvement of the 10 Greene Street property.

51. The said Defendant has failed and refused to pay for the reasonable value thereof in the amount of $57,698.84, despite due demand therefor.

52. As a result, Defendant Paragon has been unjustly enriched in an amount of $57,698.84 and is liable to Plaintiff therefor.

### AS AND FOR A NINTH CAUSE OF ACTION
### [Account Stated]

53. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 52 as if the same were more fully set forth herein.

54. During the time work was performed for Defendant Paragon and from time to time thereafter, Plaintiff sent to Defendant Paragon invoices and statements, which invoices and statements were received by Defendant Paragon and never rejected or disputed.

55. Accordingly, an account or accounts stated were created between Plaintiff and Defendant Paragon in the total amount of $30,562.84 and Defendant Paragon is liable therefor.

## AS AND FOR A TENTH
## CAUSE OF ACTION
## [Violation of Prompt Payment Act]

56. Plaintiff Allen Architectural Metals repeats and realleges the allegations contained in Paragraphs 1 through 55 as if the same were more fully set forth herein.

57. Defendant Paragon failed to make payments to Plaintiff Allen Architectural Metals as required by the New York State Prompt Payment Act.

58. As a result, Defendant Paragon is liable to Plaintiff in the total amount of $30,562.84.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. With respect to the First Cause of Action, that Plaintiff be adjudged to have a valid lien for the sum of $52,742.40 with interest thereon, together with the costs and disbursements of this action; that the equities of the parties to this action and the order and priority of any different liens be adjusted and determined and that it be adjudged that Plaintiff have a valid lien on the 66 Allen Street Property prior to the interest therein or lien thereof of any other party; that to the extent the Lien Discharge Bond for the 66 Allen Mechanics Lien has been validly filed, that payment of lien amount, with interest be made to Allen Architectural Metals by Defendant U.S. Specialty Insurance Company Insurance Company; that, in case it be determined that Plaintiff does not have a valid and subsisting lien upon said Property, that Plaintiff Allen Architectural

Metals have a personal judgment against Defendant Paragon for the sum of $52,742.40 with interest thereon, together with such other and further relief as the Court deems just and proper;

    2.   On the Second Cause of Action, that Plaintiff be awarded a sum of $120,641.56 against Defendant Paragon;

    3.   On the Third Cause of Action, that Plaintiff be awarded a sum of $59,242.40 against Defendant Paragon;

    4.   On the Fourth and Fifth Causes of Action, that Plaintiff be awarded a sum of $52,742.40 against Defendant Paragon;

    5.   With respect to the Sixth Cause of Action, that Plaintiff be adjudged to have a valid lien for the sum of $56,198.84 with interest thereon, together with the costs and disbursements of this action; that the equities of the parties to this action and the order and priority of any different liens be adjusted and determined and that it be adjudged that Plaintiff have a valid lien on the 10 Greene Street Property prior to the interest therein or lien thereof of any other party; that to the extent the Lien Discharge Bond for the 10 Greene Street Mechanics Lien has been validly filed, that payment of lien amount, with interest be made to Allen Architectural Metals by Defendant U.S. Specialty Insurance Company Insurance Company; that, in case it be determined that Plaintiff does not have a valid and subsisting lien upon said Property, that Plaintiff Allen Architectural Metals have a personal judgment against Defendant Paragon for the sum of $56,198.84 with interest thereon, together with such other and further relief as the Court deems just and proper;

    6.   On the Seventh Cause of Action, that Plaintiff be awarded a sum of $66,245.00 against Defendant Paragon;

    7.   On the Eighth Cause of Action, that Plaintiff be awarded a sum of $57,698.84 against Defendant Paragon;

8.   On the Fourth and Fifth Causes of Action, that Plaintiff be awarded a sum of $30,562.84 against Defendant Paragon;

all together with interest, attorneys fees, costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
   November 3, 2019

                                    Law Office of Robert J. Miletsky

                                    by: _____/s/_____
                                        Robert J. Miletsky
                                    Attorney for Plaintiff
                                    Allen Architectural Metals, Inc.
                                    53 Legend Circle, Suite 2
                                    White Plains, New York 10603
                                    914.946.7000